IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN L. SAMUELS,<br>    Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | No. 3:19-cv-1269-G (BT)<br>No. 3:92-cr-0319-G (BT) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Movant, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255, in which he argues his sentence should be vacated under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"). For the following reasons, the Court should TRANSFER the motion to the Fifth Circuit Court of Appeals.

I.

In 1992, Movant was convicted of two counts of obstructing, delaying, and affecting commerce by robbery in violation of 18 U.S.C. § 1951(a); two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and two counts of assaulting a federal officer, in violation of 18 U.S.C. § 111. The district court sentenced him to 533 months in prison. The

Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence. *United States v. Samuels*, No. 93-1063 (5th Cir. Dec. 27, 1993).

Defendant has filed four other motions to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The first motion was dismissed as untimely. *United States v. Samuels*, No. 3:97-cv-1277-P (N.D. Tex. Dec. 1, 1997), COA denied, No. 98-10014 (5th Cir. Feb. 4, 1999). The second, third, and fourth motions were transferred to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). *Samuels v. United States*, No. 3:97-cv-2696-P (N.D. Tex. Jan. 30, 1998), COA denied, No. 98-10874 (5th Cir. 1999); *Samuels v. United States*, 3:92-cr-319-P (N.D. Tex. Jun. 28, 2006); *Samuels v. United States*, 3:16-cv-1475-P (N.D. Tex. June 1, 2016). In each case, the Fifth Circuit denied Movant's request for authorization to file a successive § 2255 motion.

## II.

By this fifth § 2255 motion, Movant argues his sentence should be vacated under the First Step Act because section 403(a) of the statute reduces the circumstances under which sentences may be stacked under 18 U.S.C. § 924(c). Section 403, however, only applies to sentences that have not been imposed as of December 21, 2018. Movant is thus not entitled to relief under section 403(a).

Additionally, the Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255. Because Movant has failed to show that he obtained permission from the Fifth Circuit to file this successive motion, the motion should be TRANSFERRED to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.

In view of these circumstances, the Court should TRANSFER Movant's § 2255 motion to the Fifth Circuit pursuant to *In re Epps.*

Signed September 23, 2019.

\_\_\_\_\_*RRutherford*_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).